THE KING/MOROCCO                                    CIVIL ACTION

v.                                                  NO. 19-10772

UNIVERSITY OF HOUSTON, ET AL.                       SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's "motion to waive right before magistrate judge," which is construed as a motion for review or appeal of the magistrate judge's July 30, 2019 Order and Reasons. For the reasons that follow, the motion is DENIED, and the magistrate judge's ruling is AFFIRMED.

**Background**

Myron Gerard Simms, Jr. claims that he was admitted to the University of Houston in 2012, contingent upon completion summer classes and maintaining a certain grade point average. While enrolled at the University, the plaintiff alleges that he worked one full-time and one part-time job and still could not afford school. On August 8, 2019, Simms filed with the Secretary of State of Texas a change of status and he now apparently refers to himself as "The King/Morocco." Having insufficient funds to pay for

1

school, he dropped out. He then was "harassed" by the U.S. Department of Education and by collection agencies attempting to collect the outstanding debt on behalf of the University. It is alleged that the University has also refused to release his transcript until he pays his debt. Which he cannot pay because he is unemployed and "a victim of poverty."

Identifying as "aboriginal, indigenous" and "a sovereign," the plaintiff as "The King/Morocco," then filed this lawsuit against University of Houston and the U.S. Department of Education, claiming discrimination (on the basis that he is "a Moor" and of African descent) and claiming that it is unlawful to withhold his transcript until he pays an outstanding bill of $5,767.99.[1] He also alleges that neither defendant has the ability to collect a debt from him, "a sovereign." He seeks damages for torture, discrimination, fraud, negligence, and genocide.

Along with his complaint, "The King/Morocco" requested leave to proceed *in forma pauperis*. On July 30, 2019, the magistrate judge issued an Order and Reasons denying with prejudice the Application to Proceed in District Court without prepayment of fees or costs and the complaint filed by "The King/Morocco" was

---

[1] In the complaint, numerous statutes and treaties are listed as being at issue or as jurisdictional predicates.

dismissed with prejudice; the magistrate judge denied without prejudice the same application as to Myron G. Simms, Jr.

I.

Mr. Simms alleges that he attended University of Houston and suggests that he dropped out when he could not afford to pay for school. He does not appear to dispute that he may have incurred a debt. Rather, he alleges that neither the University nor the Department of Education may pursue or collect the debt because he is "a sovereign," "The King/Morocco." Chief Magistrate Judge Roby found that such a claim fails to state a claim for relief. The Court agrees. Insofar as "The King/Morocco" advances a sovereign citizen theory (that state and federal governments lack constitutional legitimacy and therefore lack authority to regulate a sovereign's behavior to, say, collect a debt),[2] Chief Magistrate Judge Roby correctly notes that such arguments have been uniformly rejected, summarily, as frivolous. See, e.g., United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011); United States v. Jagim, 978

---

[2] See United States v. Weast, 811 F.3d 743, 746 n.5 (5th Cir.), cert. denied, 137 S. Ct. 126 (2016)("The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings."); see also El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537 (D.N.J. 2011)(explaining the myth of the "Moorish Movement" and other similar fictions such as "sovereign citizens" and their motives).

F.2d 1032, 1036 (8th Cir. 1992); El Ameen Bey, 825 F. Supp. 2d at 560.

Simms as "The King/Morocco" fails to persuade the Court that Chief Magistrate Judge Roby erred in denying the application to proceed without prepayment of fees as to "The King/Morocco" or in dismissing with prejudice the "claim" advanced by "The King/Morocco."[3] Any claim advanced by "The King/Morocco" that he/it is immune from incurring debt under a sovereign citizen theory is patently frivolous. The Court declines to waste any additional judicial resources on this matter.

The motion filed by "The King/Morocco" is DENIED, and the magistrate judge's July 30, 2019 Order and Reasons is AFFIRMED. Future filings filed by "The King/Morocco" shall be met with sanctions including monetary sanctions against Mr. Simms or striking of pleadings.

New Orleans, Louisiana, November 8, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] Nor did Chief Magistrate Judge Roby err in dismissing without prejudice the application insofar as Mr. Simms may wish to pursue some claim personally and pro se.